UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

MICHAEL DEANGELO GRIFFIN et al.,
          Defendants.

_____/

Case No. 17-CR-20639

HON. TERRENCE BERG

**Stipulation and Proposed Order to Continue the
Motion Hearing and Find Excludable Delay**

The below signed parties, through their respective counsel, stipulate to

adjourning the Motion Hearing, currently set for February 10 and 11, 2021 to April

22 and 23, 2021, for reasons further explained below. ECF No. 205, PageID.1139.

Defendants Griffin, Epps and Garcia filed timely motions on June 15, 2020. ECF

No. 167-184. The parties filed appropriate responses and replies. ECF No. 187-

201. The Court previously found excludable delay under the Speedy Trial Act

[STA], 18 U.S.C. § 3161, to February 10, 2021. ECF No. 205, PageID.1149. The

delay to the new motion hearing dates, set by the Court, will also be excluded

under the STA as a "delay resulting from any pretrial motion." 18 U.S.C. §

3161(h)(1)(D). The parties further stipulate, and jointly move for the Court to find,

that the time period between February 10, 2021, April 23, 2021 qualifies as

excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the

1

ends of justice served by the granting of the this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities. The Governor's executive orders require all individuals to "follow social distancing measures recommended by the Centers for Disease Control and Prevention" and "[w]ear a face covering over his or her nose and mouth . . . when in any enclosed public space."

- The Michigan Department of Health and Human Services [MDHHS] has issued multiple orders, as recently as December 18, 2020, (amended January 4, 2021 as to indoor sports) reducing sizes of indoor gatherings and advising stronger recommendations for indoor gatherings because the rates of coronavirus related hospitalizations has increased "to an all-time high" and the state "death rate is nine times higher than it was in early October."

Michigan.gov (last visited on January 5, 2021). MDHHS's order explained

that Michigan has a seven day average of "439 cases per million people" and

"test positivity has increased from 3.2% in early October to 10.6% on

December 18." *Id*.

- In order to slow the spread of the outbreak and lessen the load placed on our

  healthcare systems, various restrictions have been imposed on travel, access

  to public facilities, and government functions. As part of these efforts, on

  March 13, 2020, this court postponed indefinitely most in-court proceedings,

  including trials, before district judges and magistrate judges in the Eastern

  District of Michigan in all criminal (and civil) cases and matters. *See*

  Administrative Order 20-AO-021. This Order also reflected the fact that the

  court cannot properly secure the presence of sufficient jurors and grand

  jurors in the courthouse without jeopardizing the health and safety of the

  prospective jurors, as well as the health and safety of court personnel. This

  Order further reflected the reality that the court staff, the Court Security

  Officers, and the Marshals Service could not operate or provide access to in-

  court proceedings without jeopardizing their health and safety.

- On July 2, 2020, this court superseded Administrative Order 20-AO-021

  with Administrative Order 20-AO-38 (last revised on September 8, 2020),

  which notes that "[j]ury trials during the pandemic present unique

challenges." The continuing need for the social distancing mandated by Governor Whitmer's executive orders makes impracticable if not impossible activities necessary for the conduct of trials, such as the gathering of large jury venire pools, the voir dire process, and the seating of jurors in a jury box. Administrative Order 20-AO-38 also recognizes that "[c]onventional courtroom layouts do not allow jury trial participants to adhere to the necessary precautions to reduce the possibility of exposure to the disease." Likewise, social distancing and the wearing of facemasks impose significant barriers to effective communication both before and during trials between defendants and defense counsel, among members of the prosecution team, and between attorneys and witnesses.

- Administrative Order 20-AO-38 also states:

  Jury trials will not resume until the following can be accomplished:
  - screening can be commenced on potential jurors to minimize the chance of an infected individual entering the courthouse;
  - courtrooms and jury gathering spaces can be modified to comply with physical distancing and safety requirements; [and]
  - prospective jurors and sworn jurors can be provided with personal protective equipment (e.g., face masks, gloves, possibly face shields) where necessary.

4

- To date, these conditions have not been achieved, and it is unclear at this time when they will be.  Thus, as of now, no criminal trials are scheduled to take place in the Eastern District of Michigan.

- On July 21, 2020, this court issued Administrative Order 20-AO-39, which explicitly found, after considering current conditions in the state of Michigan, that "proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." Having made further generally applicable findings relating to the ability of counsel to prepare and the court's ability to safely convene juries and bring counsel and court staff into courtrooms, the court concluded this AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.

- As a result, the failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-39, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- In addition, the substantial impediment to effective motion preparation caused by the pandemic supports an ends-of-justice continuance of the motion hearing in this case. These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for motion. The motion hearing involves three witnesses from Louisiana who must travel, putting themselves and others at risk. Additionally, four of defense attorneys also reside out of state. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively prepare for the motion hearing. For example, most jail facilities have imposed severe restrictions on visitation and have imposed internal restrictions as well. As a result, for any detained defendant, there is little or no ability to meet with counsel to review the case for at least the next month. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. In addition, for out-of-state travelers to enter the Theodore Levin Courthouse, they must accurately answer screening questions and provide a

6

negative rapid COVID test the day before of the day of the hearing. Finally, given the number of defendants (five), defense counsel (eight) and government counsel (three), a video hearing would not be practical. There would be little or no ability for individual attorneys to confer with their clients as witnesses testify.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

The parties therefore request that the Court grant a continuance of the motion hearing dates, the plea cut-off date, and trial date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

_____
RAJESH PRASAD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9567
Rajesh.prasad@usdoj.gov


Dated: January 5, 2021

s/with consent of Harold Gurewitz
HAROLD GUREWITZ
*Attorney for D-1 MICHAEL GRIFFIN*
333 West Fort Street, Suite 1400
Detroit, Michigan 48226-3149
313-628-4733
hgurewitz@grplc.com

s/with consent of Michael O. Sheehan
MICHAEL O. SHEEHAN
*Attorney for D-1 MICHAEL GRIFFIN*
350 Orange Street, Suite 101
New Haven, Connecticut 06511
203-787-9026
msheehan@sheehanandreeve.com

s/with consent of Doug R. Mullkoff
DOUG R. MULLKOFF

*Attorney for D-2 DENNIS EPPS*
402 West Liberty
Ann Arbor, Michigan 48103
734-761-8585
doug@kmhlaw.com

s/with consent of James A. Swetz
JAMES A. SWETZ
*Attorney for D-2 DENNIS EPPS*
711 Sarah Street
Stroudsburg, Pennsylvania 18360
570-421-5568
jaswetz@csmjlawyer.com

s/with consent of E. Dale Robertson
E. DALE ROBERTSON
*Attorney for D-3 MARIANO GARCIA*
PO Box 8130
Brownsville, Texas 78526
956-254-0254
Mobile245@gmail.com

s/with consent of Noe Garza
NOE D. GARZA, Jr.
*Attorney for D-3 MARIANO GARCIA*
854 East Van Buren Street
Brownsville, Texas 78520-7142
954-544-2911
noe@noedgarzajrlaw.com

s/with consent of Paul Stablein
PAUL STABLEIN
*Attorney for D-4 RUBEN VALDEZ, Jr.*
380 North Old Woodward Avenue, Suite 320230
Birmingham, Michigan 48009-5322
248-540-1600
paulstablein@stableinlaw.com

9

<u>s/with consent of Byron Pitts</u>
BYRON PITTS
*Attorney for D-5 TROY HARRIS*
500 Griswold Street, Suite 2435
Detroit, Michigan 48226-4491
313-964-7222
bpittslaw@sbcglobal.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

MICHAEL DEANGELO GRIFFIN et al.,
          Defendants.

_____/

Case No. 17-CR-20639

HON. TERRENCE BERG

**Order Continuing the
Motion Hearing
and Finding Excludable Delay**

The Court has considered the parties' stipulation and joint motion to continue

the motion hearing dates and for a finding that the time period from February 10,

2021, to April 23, 2021 qualifies as excludable delay under the Speedy Trial Act,

18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and

after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends

of justice served by granting the parties' requested continuance outweigh the best

interests of the public and the defendant in a speedy trial and that the time from

February 10, 2021, to April 23, 2021 qualifies as excludable delay under

§ 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and

  related coronavirus health conditions have created a health emergency

1

throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

• The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.

• As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

• The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

IT IS THEREFORE ORDERED that the motion hearing with witnesses will be adjourned to: **April 22 and 23, 2021 at 9:00 a.m**. And, that the time from February 10, 2021 to April 23, 2021 shall constitute excludable delay under the

2

Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.


/s/Terrence G. Berg
Hon. Terrence Berg
United States District Judge


Entered: January 7, 2021

3