UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1   MICHAEL DEANGELO GRIFFIN,
D-2   DENNIS CLIFTON EPPS,
D-3   MARIANO LOZOYA GARCIA,

        Defendants.
_____/

CASE NO. 17-cr-20639

HON. TERRENCE G. BERG

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO IDENTIFY ALL CO-CONSPIRATORS STATEMENTS IT INTENDS TO INTRODUCE AND CONDUCT EVIDENTIARY HEARING PRIOR TO TRIAL [250 AND 253]**

Defendant Epps, Garcia, and Griffin are charged with participating in a conspiracy to distribute drugs and launder money. During the course of the conspiracy, and as a part of it, Epps and Griffin came to Detroit at the direction of Garcia and participated in the murder of a former conspirator, Robert Eddins.

The grand jury indicted Griffin, Epps and Garcia for interstate stalking, interstate travel in the aid of racketeering, conspiracy to distribute narcotics, possession and use of a firearm resulting in death for each of the previous charges, and conspiracy to launder money. The indictment alleges the conspiracies took place from June 2016 through January 4, 2017, in the Eastern District of Michigan

and "elsewhere." The defendants are alleged to have conspired with "others, both known and unknown to the grand jury."

The defendants have moved the Court to order the government to preview the coconspirator statements it intends to admit in advance of trial—which will, necessarily, identify the cooperating witnesses through whom some of the statements will be admitted—and then conduct an evidentiary hearing to determine if the government can meet its burden to admit the statements under Federal Rule of Evidence 801(d)(2)(E). Although the defense does not cite either *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978), or *United States v. Vinson*, 606 F.2d 149 (6th Cir.1979), the motion is a thinly disguised request for the "mini-hearing" the court in *Vinson* described as a "burdensome, time-consuming and uneconomic" means of meeting the foundational requirements of the rule. *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir.1979) (citing *United States v. James,* 590 F.2d 575 (5th Cir. 1979) (*en banc*)). The Court should deny the motion.

## Brief

Statements of co-conspirators are admissible against all defendants proven to be members of the conspiracy when such statements are made during the course of and in furtherance of the objectives of the conspiracy. Fed. R. Evid. 801(d)(2)(E). Rule 801(d)(2)(E) provides that "a statement is not hearsay if the statement is

2

offered against a party and is – a statement by a co-conspirator of a party during the course of and in furtherance of a conspiracy." The co-conspirator exception requires, therefore, that the statement offered against the party be made: (1) by a co-conspirator of a party; (2) during the course of and (3) in furtherance of a conspiracy. These determinations are preliminary questions governed by F.R.E. 104. *United States v. Enright*, 579 F.2d 980, 987 (6th Cir. 1978).

In *Enright*, the Court determined that Rule 104(a) is applicable to preliminary questions of the admissibility of co-conspirator, out-of-court statements. *Id*. "A determination under 104(a) is more demanding than a prima facie testing and calls for the existence of judicial fact-finding responsibilities by the trial judge, responsibilities which require him to evaluate both credibility and the weight of evidence. *Id*. at 985. Ultimately, the Court held that the standard of proof for determination of admissibility is a preponderance of the evidence. "The ordinary civil standard is sufficient: if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *Id*.

The Sixth Circuit has recognized three alternative ways for the trial judge to make that finding. *Vinson,* 606 F.2d at 152; see also *United States v. Barrett*, 933

3

F.2d 355, 358 (6th Cir. 1991). First, the district court may conduct a "mini-hearing" outside the presence of the jury, where the court hears the government's proof of conspiracy and makes the preliminary finding. See *Vinson*, 606 F.2d at 152. While the Sixth Circuit has acknowledged that a trial judge has the discretion to order the proof in this manner, it has also recognized that "this procedure has been criticized as burdensome, time-consuming, and uneconomic." *Id*. In this case, the Court would, in essence, be required to conduct the trial twice.

In the weeks before trial the Court would first have to consider each of the statements as a part of the *Enright* calculus. *Bourjaily v. United States*, 483 U.S. 171, (1987). "Although the district court may consider the hearsay statements themselves in determining whether a conspiracy existed in which both the declarant and the defendant participated, the statements cannot alone suffice to satisfy the evidentiary burden." *United States v. Lopez-Medina*, 461 F.3d 724, 746 (6th Cir. 2006). Then, because the type of independent evidence required to corroborate the statements is broadly defined, the Court would have to consider the context in which each of the statements was made. *United States v. Warman*, 578 F.3d 320, 337 (6th Cir. 2009). This evidence can be circumstantial or direct and can include the observations of cooperating witnesses, surveillance, opinion testimony regarding the operation of a conspiracy and associational evidence. *Id*.

4

See also *United States v. Payne*, 437 F3d 540, 545 (6th Cir. 2006); *United States v. Martinez*, 430 F. 3d 317, 326 (6th Cir. 2005); *United States v. Wright*, 343 F.3d 849, 867 (6th Cir. 2003).

More than uneconomical, in this case, the mini-hearing could be unsafe. It would require the government to identify the proponent witnesses to the hearsay statements. These witnesses—often cooperators—would then be housed locally for the hearing, and kept locally, for the trial weeks later. This process, which undermines the rationale of the *Jencks* Act's timing provision, would unnecessarily place witnesses at risk of harassment or worse.

Second, instead of the mini-hearing, the *Vinson* court found that a trial court could require the government to establish the conspiracy by a preponderance of the evidence through independent evidence at trial, prior to making the preliminary finding concerning the hearsay's admissibility. *Id*. Although not as problematic as the "mini-hearing," this alternative creates other problems. It would require the government to order its proofs in a way that will be more challenging for a jury to understand. And the trial could be prolonged or delayed if an essential witness to the conspiracy was unavailable (as happens now more often given the frequency of Covid infections) because the government might not be able to move on to other evidence that involved coconspirator statements that had not been conditionally

5

admitted.

Or third, *Vinson* held the court can conditionally "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence." *Id.*, 606 F.2d at 153. The Sixth Circuit has repeatedly approved this approach and has recognized it as "firmly" entrenched in this circuit's practice." *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984); see also *United States v. Boykins*, 1990 WL 143559, *7 (6th Cir.1990) (unpublished opinion). In *Vinson*, the Sixth Circuit established procedures to follow when selecting this option:

> [T]he court should stress to counsel that the statements are admitted subject to defendant's continuing objection and that the prosecution will be required to show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statements are hearsay was a participant and that the statement was made in the course and in furtherance thereof. At the conclusion of the government's case-in-chief, the court should rule on the defendant's hearsay objection. If the court finds that the government has met the burden of proof described..., it should overrule the objection and let all the evidence, hearsay included, go to the jury, subject, of course, to instructions regarding the government's ultimate burden of proof beyond a reasonable doubt and the weight and the credibility to be given to co-conspirators' statements. If, on the other hand, the court finds that the government has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice.

*Id.* at 153.

The Court should follow the Sixth Circuit's "firmly entrenched"

6

procedure of conditionally admitting the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence. This approach will save the Court's time and resources in what is already likely to be a lengthy trial. It will protect witnesses. It is also the most consistent with the Supreme Court's decision in *Bourjaily v. United States*, 483 U.S. 171 (1987), since "[t]his procedure allows trial courts to rely on the hearsay statements themselves to determine whether the statements are admissible under Fed. R. Evid. 801(d)(2)(E)." *United States v. Estrada*, 829 F.2d 1127, * 4 (6th Cir.1987) (unpublished opinion).

Nor is the risk to the defense significant. The government understands the consequences of improperly admitting a statement and will not run afoul of that line. For each statement, the factual circumstances will demonstrate that the declarant was a co-conspirator and made the statement "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). "A statement is in furtherance of the conspiracy if it is intended to promote the objectives of the conspiracy." *United States v. Clark*, 18 F.3d 1337, 1342 (6th Cir. 1994). Thus, statements in furtherance of a conspiracy include those that keep co-conspirators apprised of others' activities or induce continued participation in the conspiracy. *United States v. Kelsor*, 665 F.3d 684, 694 (6th Cir. 2011). They also include statements that

"prompt a listener to act in a manner that facilitates the carrying out of the conspiracy," *United States v. Jerkins*, 871 F.2d 598, 606 (6th Cir. 1989), and that "identify the participants and their roles in the conspiracy," *Clark*, 18 F.3d at 1342. The co-conspirator statements in this case will primarily fit within those categories.

The Court should deny the defendants motions for a pre-trial hearing and admit co-conspirator statements conditionally as outlined above.

        Respectfully submitted,

        DAWN N. ISON
        United States Attorney

        s/ Rajesh Prasad
        Rajesh Prasad and Robert Moran
        Assistant United States Attorneys
        rajesh.prasad@usdoj.gov
        211 W. Fort Street, Suite 2001
        Detroit, MI   48226
        Phone: (313) 226-0821
        Rajesh.prasad@usdoj.gov

Date: January 4, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>January 4, 2023</u>, I filed the foregoing document on the ECF system, which will send notice to the attorneys for the defendants.

                                        s/Rajesh Prasad
                                        Rajesh Prasad
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI   48226
                                        Phone: (313) 226-0821
                                        E-Mail: Rajesh.Prasad@usdoj.gov